**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MICHAEL JOHNSON #R-63104,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 13-CV-00185-MJR** |
| | ) | |
| **LT. STUCK, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**<u>MEMORANDUM AND ORDER</u>**

**REAGAN, District Judge:**

       Plaintiff Michael Johnson is currently in the custody of the Illinois Department of Corrections, housed at Lawrence Correctional Center.   On February 22, 2013, Johnson, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983.  Johnson's allegations stem from a series of related events, commencing with correctional officials celling him with one of his known enemies, Inmate Head, resulting in Plaintiff being assaulted by that inmate, leading to the "Orange Crush" tactical team beating him and "violating his manhood[1], after which his requests for medical care were ignored, and medical personnel denied him treatment.  Plaintiff's subsequent "emergency" grievances regarding these events were ignored.  After related disciplinary charges were brought against Plaintiff, he was convicted without being allowed to attend a hearing.   Plaintiff further describes being harassed and tormented by prison staff in retaliation for his efforts to get these events investigated.  From Plaintiff's perspective, there is an overarching conspiracy, driven by Defendant Lt. Stuck, with whom Plaintiff had words the

---

[1] Attachments to the complaint refer to "anal penetration" and describe Plaintiff being "sexually assaulted" and "finger f***ed."

day before the assault—Plaintiff had not been given pudding on his lunch tray, and Stuck threatened that the Orange Crush would put him "out of his misery."

An "emergency" motion for temporary restraining order and/or preliminary injunction (Doc. 4) has already been denied (Doc. 9). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Also before the Court are two additional motions for issuance of a temporary restraining order, and a supporting brief (Docs. 10, 11 and 12).

## 1.  Section 1915A Review

The Court's preliminary review of the complaint is in accordance with 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

### a.  The Complaint

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into thirteen counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

| | |
|---|---|
| **Count 1:** | **Against Defendants Lt. Stuck, C/O Gilbreath, C/O Harrington, C/O Monical and C/O Johnson for endangering Plaintiff's safety by celling him with inmate Head, in violation of the Eighth Amendment;** |
| **Count 2:** | **Against Defendants Lt. Stuck, C/O Gilbreath, C/O Harrington, C/O Monical and C/O Johnson for using excessive force against and/or sexually assaulting Plaintiff, in violation of the Eighth Amendment;** |
| **Count 3:** | **Against Defendant C/O Grier for failing to protect Plaintiff from assault by other guards, in violation of the Eighth Amendment;** |
| **Count 4:** | **Against Defendants C/O Dean, C/O Goins, C/O Shehorn, and C/O Selby for deliberate indifference to** |

**Plaintiff's serious medical needs, in violation of the Eighth Amendment;**

**Count 5:**      **Against Defendants Wexford Health Care, Nurse Cummings, Nurse Woods, Nurse Arbuckle, Nurse Kizier, Nurse Linda, Nurse Staley and Nurse Phillipe for deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment;**

**Count 6:**      **Against Defendants Warden Marc Hodges, Warden Treadway, Warden Storm, Counselor Strubhart, Counselor Hinton and "Grievance Officers John and Jane Doe" for denying Plaintiff due process by failing to respond to or improperly responding to Plaintiff's "emergency" grievances;**

**Count 7:**      **Against Defendants C/O Allan P. Dallas, C/O Jeremiah L. Brown and C/O Dillinger for denying Plaintiff procedural due process by preventing him from attending a disciplinary hearing and presenting evidence, all in violation of the Fourteenth Amendment;**

**Count 8:**      **Against all Defendants for denying Plaintiff the equal protection of the law, in violation of the Fourteenth Amendment;**

**Count 9:**      **Against all Defendants for conspiring to violate Plaintiff's constitutional rights;**

**Count 10:**      **Against all Defendants for denying Plaintiff his rights under Article I, Section 2 of the Illinois Constitution;**

**Count 11:**      **Against all Defendants for depriving Plaintiff of his rights under Illinois law;**

**Count 12:**      **Against all Defendants for depriving Plaintiff of his rights under Illinois Department of Corrections rules; and**

**Count 13:**      **Against unspecified Defendants for harassment.**

Plaintiff prays for declaratory judgment, injunctive relief, and compensatory and punitive damages against all Defendants in their individual and official capacities, and an award of costs and attorney's fees.  Plaintiff also wants criminal charges to be lodged against all Defendants.

### b.   Discussion

Plaintiff Johnson has taken a double-barreled shotgun approach to drafting his complaint.  For example, Plaintiff characterizes virtually every allegation as being cruel and unusual punishment, and a denial of equal protection and due process.  The Court will, therefore, address a few principal concerns and cull out those claims that must be summarily dismissed.

Plaintiff specifically named 28 Defendants. Consequently, although the complaint makes numerous allegations about others, predominately "Doe" defendants, those individuals have not been deemed Defendants.

Inmate "Head Register, #M00488" is **DISMISSED** with prejudice.  Head is the inmate who assaulted Plaintiff. Nevertheless, 42 U.S.C. § 1983 creates a cause of action only where the conduct of a person *acting under the color of state law* violates a right protected by the United States Constitution or created by federal statute.  There is nothing in the complaint to suggest that this inmate was acting under color of state law.

Counts 1, 2, 3 and 4 state viable Eighth Amendment claims and shall proceed.

Count 5 also states a viable Eighth Amendment claim, except as to Defendant Wexford Health Care, which is **DISMISSED** without prejudice.  A corporate defendant violates an inmate's rights if it maintains a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of the prisoner. *Estate of Novack ex rel. v. Cnty. of Wood,* 226 F.3d 525, 530 (7th Cir. 2000); *Woodward v. Corr. Med. Servs. of Ill. Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). A corporate policy "must be the 'direct cause' or 'moving force' behind the constitutional violation." *Id.* Plaintiff alleges no such policy and the documentation submitted suggests no such policy or practice.

5

Relative to Count 6, Plaintiff claims that all Defendants were responsible for violating his procedural due process rights by ignoring or denying his repeated grievances and complaints. This claim is not grounded in existing law. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1995). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Owens v. Hinsley,* 635 F.3d 950, 953–54 (7th Cir. 2011); *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich,* 681 F.2d 1091, 1100–01 (7th Cir. 1982). Therefore, Count 6 is **DISMISSED** with prejudice as frivolous.

Count 7 states a viable due process claim and shall proceed.

Although Plaintiff repeatedly references "equal protection," he has failed to state a claim; therefore, Count 8 is **DISMISSED** without prejudice. In order to establish a viable equal protection claim, Plaintiff must show that he was intentionally treated differently from others who are similarly situated and that there is no rational basis for that difference in treatment. *LaBella Innetka, Inc. v. Village of Winnetka,* 628 F.3d 937, 941 (7th Cir. 2010). Plaintiff makes no such allegations.

In Count 9, Plaintiff repeatedly asserts that all Defendants were a part of a conspiracy driven by Defendant Lt. Stuck; Count 9 fails to state a claim and shall be **DISMISSED** without prejudice. A conspiracy claim may be cognizable under Section 1983 where it resulted in the violation of an inmate's civil rights.  S*ee Lewis v. Washington,* 300 F.3d 829, 831 (7th Cir. 2002).  However, conspiracy is not an independent basis of liability. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove,* 211 F.3d 416, 423 (7th Cir. 2000).  Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal

statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Even giving liberal construction to the complaint, s*ee Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 821 (7th Cir. 2009), Plaintiff's claims of conspiracy rest on conclusory statements.

Counts 10 and 11 are **DISMISSED** without prejudice. Although supplemental claims under state law may be brought pursuant to 28 U.S.C. § 1367(a), Plaintiff's mere reference to Article I, Section 2 of the Illinois Constitution and "rights under Illinois law," without more specificity and some tie to a particular claim, is insufficient to state a claim.

Count 12 is **DISMISSED** with prejudice because the failure of prison officials to follow state rules or administrative regulations does not give rise to a constitutional claim. *Pasiewicz v. Lake Cnty. Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989) (a federal court does not enforce state law or regulations).

Count 13 is **DISMISSED** without prejudice. Plaintiff concludes his allegations with a barrage of assertions that, for example, his mail is being tampered with, officers are playing with his food, he is not allowed to shower, and Internal Affairs has never responded to his requests for help. These are bald assertions, not attributed to any particular Defendant. Furthermore, even if a viable claim had been properly alleged, such a claim would have to be severed from this action. Separate, unrelated claims belong in different suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

All Defendants are sued in their individual and official capacities. Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005); *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003). With respect to official capacity claims, the Supreme Court

has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  More to the point, the Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Therefore, all claims for damages against all Defendants in their official capacities must be **DISMISSED** with prejudice.

Plaintiff's prayer for criminal charges is also **DISMISSED** with prejudice, as that is not a civil penalty.  Criminal charges must be pursued through state or federal law enforcement officers, not the Court.

### 2.  Motions for Temporary Restraining Order

Plaintiff Johnson has renewed his motion for a temporary restraining order by filing two additional motions (Docs. 10 and 11) and a supporting brief (Doc. 12).

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

In contrast, the United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original))**.**  In considering whether to grant injunctive relief, a district court must

weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence.

Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999). *Accord Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010); *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 872-73 (7th Cir. 2009).

Plaintiff describes three additional assaults by correctional officers, and other harassment. On February 14, 2013, while Plaintiff was in the Health Care Unit, Defendant Lt. Stuck, and Correctional Officers Tate, Webb, Yarnell and Rue (who are not Defendants) "assaulted" Plaintiff. Plaintiff offers no additional details. On February 26, Lt. Brown, Maj. Lynch and several guards (none of whom are Defendants), in two waves, bended and twisted Plaintiff into submission, tightened the cuffs so as to cut off circulation, kicked Plaintiff in the genitals (again), pulled his hair, and then a nurse denied him medical care. Lt. Brown cautioned Plaintiff that "it wasn't over." Defendant Warden Hodge has failed to respond to Plaintiff's grievances. Plaintiff has since been disciplined for the February 26 incident. On March 6, guards Hughes, Wise and Piper (none of whom are Defendants) refused to give Plaintiff a dining tray and threatened that Plaintiff would never eat on their 3:00-11:00 shift. Plaintiff also complains that guards are interfering with his legal mail and documents.

In terms of relief, Plaintiff asks that he be afforded immediate medical treatment, and that criminal charges be lodged against the perpetrators. Johnson also requests a transfer, which apparently may occur without Court action, since he also states that a *disciplinary* transfer has been approved. In his brief, Plaintiff requests only that mailroom personnel and segregation staff be directed to properly characterize and mail his legal documents.

With the exception of Lt. Stuck and Warden Hodge, those involved in these recent incidents are not Defendants. Although Plaintiff asserts that he intends to amend the complaint to add new claims, he has not done so at this juncture. In any event, Plaintiff has not cleared the high bar for issuance of a TRO.

As already noted, the recent events described by Plaintiff are, at best, tangentially related to this action. Nevertheless, the Court is always concerned when an inmate alleges serial physical abuse and the denial of medical care. Most of the physical injuries sustained suggest fleeting pain. Plaintiff has failed to describe his injuries in *any* detail that would suggest irreparable harm or an urgent need for medical attention. The alleged repeated nature of the assaults and harassment does trouble the Court. However, by Plaintiff's own account, he has been approved for a transfer. Any interference with his legal mail is not urgent or without another remedy and, obviously, Plaintiff's ability to redress his grievances with the Court has not been impeded.

For these reasons, Plaintiff's motions for issuance of a TRO (Docs. 10 and 11) are **DENIED**.

### 3. Other Pending Motions

Plaintiff's motion for appointment of counsel (Doc. 3) is pending.  That motion will be referred to United States Magistrate Stephen C. Williams for further consideration regarding whether the recruitment of counsel is warranted.

### 4. Disposition

For the reasons stated, the Court rules as follows.

Defendant **HEAD REGISTER #M00488** is **DISMISSED** from this action with prejudice.

Defendant **WEXFORD HEALTH CARE** is **DISMISSED** from Count 5 and from this action without prejudice.

**COUNT 6** is **DISMISSED** with prejudice as frivolous.  Accordingly, Defendants **WARDEN MARC HODGES**, **WARDEN TREADWAY**, **WARDEN STORM**, **COUNSELOR STRUBHART**, **COUNSELOR HINTON** and **"GRIEVANCE OFFICERS JOHN AND JANE DOE"** are **DISMISSED** from this action with prejudice, as there are no other claims asserted against them.

**COUNTS 8**, **9**, **10**, **11** and **13** are each **DISMISSED** without prejudice.

**COUNT 12** is **DISMISSED** with prejudice.

Plaintiff's prayer for damages against all Defendants in their official capacities is **DISMISSED** with prejudice.

Plaintiff's prayer for criminal charges is **DISMISSED** with prejudice.

The only claims remaining in this action are **COUNTS 1**, **2**, **3**, **4**, **5** and **7**.

The Clerk of Court shall prepare for Defendants **LT. STUCK**, **C/O GILBREATH**, **C/O HARRINGTON**, **C/O MONICAL**, **C/O JOHNSON**, **C/O GRIER**, **C/O**

DEAN, **C/O GOINS**, **C/O SHEHORN**, **C/O SELBY**, **NURSE CUMMINGS**, **NURSE WOODS**, **NURSE ARBUCKLE**, **NURSE KIZIER**, **NURSE LINDA**, **NURSE STALEY**, **NURSE PHILLIPE**, **C/O ALLAN P. DALLAS**, **C/O JEREMIAH L. BROWN** and **C/O DILLINGER**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure, unless in the interim Plaintiff is denied pauper status.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

13

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, the Clerk of Court is **DIRECTED** to correct the docket to reflect the following spelling changes in order to correspond with the complaint: "Warden Stohm" should be changed to "Warden Storm" and "Warden Theadway" should be changed to "Warden Treadway."

**IT IS SO ORDERED.**

**DATED:  March 19, 2013**

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE